UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESTATE OF EDWARD R. McCARDLE
SR. c/o MARJORIE L. SCHULTZ, personal
representative,

                                   Plaintiff,

                 -against-

PURDUE PHARMA et. al claim #61658,

                                   Defendant.

1:20-CV-11000 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

Marjorie L. Schultz, of Mooresville, North Carolina, brings this action *pro se* as the

personal representative of the estate of her deceased father, Edward R. McCardle Sr., of

Albuquerque, New Mexico.[1] She sues "Purdue Pharma et. al claim #61658," but does not

provide its mailing address or describe how or where it is organized. Schultz's clams arise from

the death of her father on November 4, 2017, allegedly due to the "toxic effects of fentanyl" and

other drugs. (ECF 2, at 5, 8.) The complaint invokes the Court's federal-question jurisdiction and

asserts claims of "wrongful death." (*Id.* at 2.) Schultz seeks $500,000 in damages "for loss of life

and property." (*Id.* at 6.) By order dated February 4, 2021, the court granted Schultz's application

to proceed *in forma pauperis* ("IFP"). For the following reasons, the Court transfers this action to

the United States District Court for the District of New Mexico.

---

[1] Under Rule 5.2(a)(1) and (2) of the Federal Rules of Civil Procedure, court submissions
that refer to a person's date of birth or Social Security number may do so only by mentioning the
person's birth year or the last four digits of the person's Social Security number. Schultz has
attached to the complaint copies of documents that include McCardle's complete date of birth
and Social Security number. In an abundance of caution, the Court has directed the Clerk of
Court to limit electronic access to the complaint to a "case-participant only" basis.

Under 28 U.S.C. § 1391(b), a federal civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under § 1391(c), for venue purposes, a "natural person" resides in the district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).[2]

Because Schultz does not allege that the defendant resides in this judicial district or that a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, this Court is not a proper venue for this action under § 1391(b)(1) or (2).[3] But because Shultz alleges that McCardle resided and died in New Mexico (*see* ECF 2, at 8), the United States District Court for the District of New Mexico is a proper venue for this action under

---

[2] For venue purposes:

in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

§ 1391(d).

[3] This judicial district, the Southern District of New York, is comprised of the following New York State counties: New York (Borough of Manhattan), Bronx (Borough of the Bronx), Westchester, Dutchess, Rockland, Orange, Putnam, and Sullivan. 28 U.S.C. § 112(b).

§ 1391(b)(2), *see* 28 U.S.C. § 111 (the State of New Mexico constitutes one federal judicial district). Accordingly, the Court transfers this action to that court. *See* 28 U.S.C. § 1406(a).

<h3 style="text-align:center">CONCLUSION</h3>

The Clerk of Court is directed to mail a copy of this order to Schultz and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the District of New Mexico. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 10, 2021
          New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge